IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
---------------------------------------------------------------
JEFFREY RAPP                               :
25 Powell Lane                             :        CIVIL ACTION NO.: 15-0477
Barnegat, NJ 08005                         :
individually and on behalf of all others   :
similarly situated,                        :
                                           :
                 Plaintiff,                :        JURY TRIAL DEMANDED
                                           :
        v.                                 :
                                           :
IMAGEONE INDUSTRIES, INC.                  :
677 Dunksferry Road                        :
Bensalem, PA 19020                         :
                                           :
                 Defendant.                :
---------------------------------------------------------------
```

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Jeffrey Rapp ("Plaintiff"), hereby brings this action against Defendant, ImageOne Industries, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him and others similarly situated overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law ("WPCL").

2.      Plaintiff is a former employee of Defendant who was employed in the position of Field Supervisor/Installer.  During the course of his employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for his work in that

1

Plaintiff was not paid an overtime premium calculated at 1.5 times his regular rate of pay for each hour worked in excess of 40 hours in a work week as required by the FLSA and PMWA.

3.      Plaintiff brings this action as a representative action under the FLSA, PMWA and WPCL for monetary damages, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      The Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as the FLSA claims.

7.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

8.      Plaintiff Jeffrey Rapp currently resides at 25 Powell Lane, Barnegat, NJ 08005.

9.      Defendant Imageone Industries, Inc. maintains a principal place of business located at 677 Dunksferry Road, Bensalem, PA 19020.

10.     Defendant is a "private employer" and covered by the FLSA.

11.     Plaintiff was employed by Defendant during all relevant times hereto and as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

2

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

13.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Field Supervisor/Installer or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

14.     Plaintiff estimates that there are in excess of ten (10) other similarly situated Class Plaintiffs who either are working or worked for Defendant and were unlawfully denied overtime compensation for hours worked in excess of 40 in a workweek.  The precise number of employees can be easily ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

15.     Pursuant to 29 U.S.C. § 216 (b), this action is properly maintained as a collective action because all the class members are similarly situated.  Plaintiff and other similarly situated employees were similarly misclassified as exempt for overtime purposes and not paid an overtime premium for hours worked in excess of 40 in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices and operating procedures.  Further, Defendant's willful policies and practices which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay

Plaintiff and Class Plaintiffs an overtime premium for all hours worked over (40) forty hours in a work week, has affected Plaintiff and the Class Plaintiffs in the same fashion.

16.     Defendant willfully and unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and willfully and improperly failed to pay Plaintiff and Class Plaintiffs overtime compensation in accordance with the FLSA. Plaintiff and Class Plaintiffs are not exempt from receiving overtime benefits.

17.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action individually, and on behalf of the following multi-state class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the last three (3) years in the position of Field Supervisor/Installer or in positions with similar job duties who were denied overtime compensation for work performed in excess of 40 hours in a work week

19.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

20.     Pursuant to Federal Rule of Civil Procedure 23 (a)(2), there are questions of law and fact common to the Class, including, but not limited to:

a.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

b.      Whether Plaintiff and the Class worked in excess of 40 hours per week;

c.      Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

d.      Whether Defendant failed to pay Plaintiff and the Class wages and overtime wages in the period when said wages became due and owing in violation of the WPCL; and

e.      Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL.

21.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant employed in the position of Field Supervisor/Installer who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA and WPCL has affected Plaintiff and the Class in the exact same way.

22.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is situated similarly to the Class and has no conflict with the Class members.

23.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class and collective action litigation.

24.     Pursuant to Rules 23(b)(1), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

a.      the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

5

b.      Defendant, by failing to pay overtime compensation when it is due and owing in violation of the PMWA and WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

c.      the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

25.    A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL BACKGROUND

26.    On or about June 13, 2013, Plaintiff was hired by Defendant as a Field Supervisor/Installer.

27.     Upon information and belief, Defendant employs or has employed in excess of ten (10) other individuals in the position of Field Supervisor/Installer.

28.     Plaintiff's and Class Plaintiffs' job responsibility was ensuring the timely and proper installation of commercial signs for Defendant. In this regard, Plaintiff and Class Plaintiffs regularly traveled across the United States to various work sites and performed manual labor such as carpentry, electrical work, painting and other required manual work in order to install commercial signs for Defendant.

29.     Plaintiff and Class Plaintiffs routinely worked in excess of 40 hours per week. In this regard, Plaintiff and Class Plaintiffs would, on average, work approximately 60-75 hours per work week. For example, on the week of July 24, 2017, Plaintiff worked at least 67 hours, Monday through Saturday.

30.     On occasion, Plaintiff and Class Plaintiffs would work in excess of 70 hours per work week, Monday through Sunday.

31.     Despite the fact that Plaintiff and Class Plaintiffs worked in excess of 40 hours per week, Plaintiff and Class Plaintiffs did not receive any compensation and/or overtime compensation for work performed in excess of 40 hours per week. Plaintiff and Class Plaintiffs were only paid a weekly salary regardless of the number of hours actually worked.

32.     Defendant classified Plaintiff and Class Plaintiffs as "exempt" under the FLSA and PMWA in order to claim that Plaintiff and Class Plaintiffs were not entitled to overtime compensation.

33.     Defendant unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt." Plaintiff and Class Plaintiffs were/are not exempt from receiving overtime compensation.

34.     Plaintiff and the Class Plaintiffs did not have the authority to hire and fire other employees employed by Defendant.  Thus, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA. In addition, since Plaintiff's and Class Plaintiffs' primary job responsibility was to engage in manual work, and since they did not have any independent discretion or authority with respect to matters of significance, they do not qualify for the exemption for administrative employees under the FLSA.

35.     Furthermore, Plaintiff and the Class Plaintiffs do not qualify for the FLSA exemption for highly compensated employees, because Plaintiff's and Class Plaintiffs' primary job responsibility was to engage in manual labor, performing work involving repetitive operations with their hands, physical skill and energy.  Moreover, no highly compensated employee exemption exists under the PMWA.  See, e.g., Galdo v. PPL Elec. Utils. Corp., No. 14-5831, 2016 U.S. Dist. LEXIS 14045, at *9 (E.D. Pa. Feb. 5, 2016) (citing 43 Pa. Stat. § 333.105).

36.     Accordingly, Plaintiff and Class Plaintiffs were/are, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant.

37.     Defendant failed to pay Plaintiff and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a work week.

38.     As a result of Defendant's aforesaid illegal actions, Plaintiff and the Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARD ACT
### 29 U.S.C. § 201, et seq.
### FAILURE TO PAY OVERTIME COMPENSATION

39.    Plaintiff incorporates herein by reference paragraphs 1 through 38 as though same were fully set forth at length herein.

40.    Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

41.    Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

42.    According to the policies and practices of Defendant, Plaintiff and Class Plaintiffs were required to work in excess of (40) forty hours per week.  Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.  In fact, Plaintiff and Class Plaintiffs were only paid the same weekly salary, regardless of the number of hours actually worked.

43.    The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

44.    Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

45.    Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Field Supervisor/Installer and/or positions with similar job duties, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid compensation and/or overtime pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff and Class Plaintiffs for compensable hours worked, some of which were in excess of (40) forty hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre and post-judgment interest and court costs as further allowed by

law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333 *et seq.*

46.     Paragraphs 1 through 45 are hereby incorporated by reference as though same were fully set forth at length herein.

47.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

48.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" four hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

49.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

50.     As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the

representatives of the Class and their counsel as class counsel;

B.      An award to Plaintiff and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and the Class of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and the Class for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 Pa. Con. Stat. § 260.1 *et seq.*

51.     Paragraphs 1 through 49 are hereby incorporated by reference as though same were fully set forth at length herein.

52.     The foregoing actions and/or omissions of Defendant constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Con Stat. § 260.1 *et seq.*

**WHEREFORE,** Plaintiff prays for relief on behalf of himself and the Class to the fullest extent permitted by law including, but not limited to, unpaid wages and liquidated damages, and the award of any and all damages Plaintiff and the Class are entitled to under applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _____
Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated:   July 8, 2019

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.